# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| **Shannell Burwell** | * | |
| 1113 DLong Road, Apt. C | | |
| Catonsville, MD 21228 | * | |
| | | |
| Plaintiff, | * | |
| | | |
| v. | * | Case No. |
| | | |
| **Financial Management Solutions, LLC** | * | |
| t/a FMS Financial Solutions | | |
| 9001 Edmonston Road, Suite 20 | * | |
| Greenbelt, MD 20895 | | |
| | * | |
| Serve On: | | |
| The Corporation Trust, Inc. | * | |
| 2405 York Road, Suite 201 | | |
| Lutherville Timonium, MD 21093 | * | **REQUEST FOR JURY TRIAL** |
| | | |
| And | * | |
| | | |
| **The Law Office of Monica** | * | |
| **Guilarte, LLC** | | |
| 647A Main Street | * | |
| Laurel, MD 20707 | | |
| | * | |
| Serve On: | | |
| Monica Guilarte | * | |
| 647A Main Street | | |
| Laurel, MD 20707 | * | |
| | | |
| And | * | |
| | | |
| **Monica Guilarte** | * | |
| 647A Main Street | | |
| Laurel, MD 20707 | * | |
| | | |
| Defendants. | * | |

## CLASS ACTION COMPLAINT

**AND**

**DEMAND FOR JURY TRIAL**

Plaintiff, Shannell Burwell, individually and on behalf of all Maryland residents similarly situated and by her attorneys, Chelsea Ortega, Matthew Thomas Vocci, Jane Santoni of Santoni, Vocci & Ortega, LLC, hereby brings this Class Action Complaint and Demand for Jury Trial against Defendants Financial Management Solutions, LLC t/a FMS Financial Solutions, The Law Office of Monica Guilarte, LLC, and Monica Guilarte and states:

**INTRODUCTION**

1.      The claims outlined herein exemplify certain predatory and deceptive debt collection practices which have garnered headlines and damaged the economy for the past several years in which certain persons and entities involved in the debt collection field flout the law and which have embroiled Named Plaintiff and the putative Class she seeks to represent, who continue to suffer damages and losses directly and proximately caused by Defendants' unsound debt collection practices related to the collection of alleged debts on behalf of others.

2.      Specifically, Financial Management Solutions, LLC t/a FMS Financial Solutions ("FMS"), as a collection agency and debt collector for companies offering residential housing, knowingly submitted false and misleading affidavits in an attempt to obtain judgments against Named Plaintiff and the putative Class, as well as reported alleged debts to credit reporting agencies. Defendants The Law Office of Monica Guilarte, LLC and Monica Guilarte filed the debt collection cases against Named Plaintiff and the

putative Class at the direction of FMS.

3.     Ms. Burwell, along with another individual, Topaze Williams, rented an apartment in a complex known as Carlyle Landing Apartments. In July 2017, only Mr. Williams renewed the lease. Nevertheless, Ms. Burwell was solely sued on June 24, 2019, for almost $6,000, by a company that does not exist, on charges that were incurred after she was no longer listed on the lease. FMS supplied an affidavit in the case against Ms. Burwell that failed to comply with Maryland Rules, in support of an entity that does not exist.

4.     By unfairly and deceptively aiding and attempting to collect alleged debts through the use of deceptive affidavits, Defendants have unfairly and deceptively asserted rights through the state courts which they knew does not exist or recklessly disregarded.

5.     One of Congress' findings which led to the passage of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* was that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

6.     As a direct and proximate result of FMS's attempts to collect consumer debts from them, Named Plaintiff and the Class members have been damaged and harmed by Defendants' actions. The deceptive and improper affidavits submitted in support of the debt collection actions place the cases on an expedited docket. In addition, Named Plaintiff

and the Class members are entitled to statutory damages for Defendants' actions.

## PARTIES

7.      Shannell Burwell is a resident of the State of Maryland and Baltimore County, Maryland. The events described herein, as to her situation, occurred in Baltimore City, Maryland.

8.      Defendant Financial Management Solutions, LLC t/a FMS Financial Solutions ("FMS") is a limited liability company organized under Maryland law and a Maryland debt collection agency. Defendant FMS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) since it is a business engaged in collecting on defaulted debts for others by using interstate wires and mail, among other acts. *See also Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003) (the FDCPA "treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not."). Defendant FMS is a "collector" as defined by Md. Code Ann., Com. Law § 14-201(b) as it was attempting to collect a consumer debt from Named Plaintiff and the putative Class, namely alleged monies owed in connection with Named Plaintiff and the putative Class' rental of residential properties.

9.      The Law Office of Monica Guilarte, LLC ("Law Office") is a Maryland law firm located in Prince George's County which is engaged in the business of collecting debts from consumers within Maryland.  Defendant Law Office is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed to another. Defendant Law Office is a "collector" as defined by Md. Code Ann., Com. Law

4

§ 14-201(b) as it was attempting to collect a consumer debt from Named Plaintiff and the putative Class, namely alleged monies owed in connection with their rental of residential properties, and is

10.    Monica Guilarte is a Maryland attorney engaged in the business of collecting debts from consumers within Maryland.  Defendant Guilarte is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as she regularly collects or attempts to collect debts owed to another. She is a "collector" as defined by Md. Code Ann., Com. Law § 14-201(b) as she was attempting to collect a consumer debt from Named Plaintiff and the putative Class, namely alleged monies owed in connection with their rental of residential properties.

## JURISDICTION AND VENUE

11.    This Court has jurisdiction pursuant to 28 U.S.C.A. § 1331 since certain of the claims asserted herein arise under the laws of the United States.  Further, the Court may elect to retain supplemental jurisdiction over the state law claims pursuant to 28 U.S.C.A. § 1367 since those claims are so related to the federal claims asserted herein that they form part of the same case and controversy.

12.    This Court has jurisdiction asserted because the Defendants transact business, perform work, and provide services in Maryland.

13.    Venue is appropriate in this Court pursuant to 28 U.S.C.A. § 1391 because a substantial portion part of the events or omissions giving rise to the claims before the Court, related to the Named Plaintiff and Defendants, occurred in this District.

## FACTS

### Background on FMS

14.     According to its website, "FMS Financial Solutions is a professional debt collection and financial services company that achieves industry leading results through integrating customized state-of-the-industry technology, proprietary methodology, and a well trained, competent staff." *See* https://www.fmsfinancialsolutions.com, last visited June 10, 2020.

15.     FMS is a collection agency for residential rental debt, as well as medical debt.

16.     According to his Linked In account, Russell Thomas is the President of FMS.

17.     FMS routinely sends consumers' files to at least two Maryland attorneys, Monica Guillarte and Patrick Connelly, to file lawsuits against the consumers and sends affidavits to these attorneys in support of the lawsuits.

18.     FMS' affidavits are defective and fail to include information required by Maryland law.

19.     Many of the affidavits also incorrectly name the actual creditor to whom the money is allegedly owed by the consumers.

20.     All of the affidavits at issue are signed by Russell Thomas, who is incorrectly identified as a "Legal Coordinator."

21.     As part of its routine and on-going collection practices, FMS regularly collects payments, all related to consumer claims, by and through the mails and interstate wires on debts that were in default prior to the time when it began to attempt to collect them. FMS also attempts to collect through civil litigation in Maryland Courts by supplying

6

affidavits in support of affidavit judgments and hiring attorneys to collect debts.

22.     Upon information and belief, and according to a review of cases filed by Monica Guilarte and Patrick Connelly in Maryland courts, FMS has supplied affidavits in dozens of collection cases in the past year.

## Affidavit Judgment in Maryland State Courts

23.     Judgment on affidavit is a procedure available to plaintiffs in Maryland district courts, but requires that the plaintiff submit an affidavit with the complaint showing that the plaintiff is entitled to judgment.  Md. Rule 3-306(b).

24.     Maryland Rule 3-306(c) states:

The affidavit shall:
(1) be made on personal knowledge;

(2) set forth such facts as would be admissible in evidence;

(3) show affirmatively that the affiant is competent to testify to the matters stated in the affidavit; and;

(4) include or be accompanied by:

(A) supporting documents or statements containing sufficient detail as to liability and damages, including the precise amount of the claim and any interest claimed;

(B) if interest is claimed, an interest worksheet substantially in the form prescribed by the Chief Judge of the District Court;

(C) if attorneys' fees are claimed, sufficient proof evidencing that the plaintiff is entitled to an award of attorneys' fees and that the fees are reasonable; and

(D) if the claim is founded upon a note, security agreement, or other instrument, the original or a photocopy of the executed instrument, or a sworn or certified copy, unless the absence thereof is explained in the affidavit.

**The Defective Collection Suit Against Named Plaintiff**

25.     On June 24, 2019, Defendants Law Office and Guilarte, on behalf of Acentis

Real Estate Partners LLC, sued Ms. Burwell in the District Court of Maryland for

Baltimore City, Maryland (Case No. 010100144172019) for an alleged debt concerning

an apartment that Ms. Burwell previously rented ("Collection Suit"). Ms. Burwell, along

with another individual, Topaze Williams, rented an apartment in a complex known as

Carlyle Landing Apartments.

26.     The Collection Suit claimed $4,858.68 in principal, prejudgment interest of

$384.97 and attorneys' fees of $728.80.

27.     Attached to the complaint was an "Application and Affidavit in Support of

Judgment" (the "Affidavit").  The Affidavit states that the "plaintiff" is "Acentis Real

Estate Partners LLC" and is purportedly signed by Russell Thomas, who is described as

the "Affiant/Legal Coordinator."

28.     The Affidavit provides the following in support of the complaint:

The document attached to the complaint instrument contain sufficient detail as to liability and damages to
apprise the defendant(s) clearly of the claim(s) against the defendant(s), including the amount of any
interest, court costs and attorney's fees claimed, if applicable.

I hereby certify that I the plaintiff, or agent, officer, partner or owner of the Plaintiff herein, and am
competent to testify to the above matters, on my personal knowledge or belief that there is justly due and
owing by the Defendant(s) to the Plaintiff the sum(s) set forth in the complaint instrument.

I furthermore solemnly affirm under the penalties of perjury and upon personal knowledge or upon
documents provided to me, that the content of the claim are true to the best of my knowledge and belief.

29.     Despite that Acentis and Defendants Law Office and Guilarte  attached to

the district court complaint an affidavit allegedly signed by Russell Thomas, as "Legal

Coordinator," upon information and belief, he did not actually sign the affidavit, he had no

personal knowledge about the alleged amounts owed by Named Plaintiff and Class Members, and was not a "Legal Coordinator" of any landlord or property management company to whom Plaintiff Burwell may owe any money.  Russell Thomas is the president of a collection agency, Defendant FMS.

30.     In addition, Md. Rule 3-306(c) requires that affidavits be made on personal knowledge, but the Affidavit states that it is upon personal knowledge *or upon documents provided* to the affiant.

31.     In fact, there is no "Acentis Real Estate Partners LLC" ("Acentis") registered with the State Department of Assessments & Taxation in Maryland.

32.     According to public records filed in the State of Delaware, Acentis Real Estate Partners LLC changed its name to Acento Real Estate Partners, LLC ("Acento") on December 21, 2017, over a year before the Collection Suit was filed.

33.     In addition, Plaintiff never entered into a lease with Acentis or Acento and neither Acentis nor Acento is found anywhere on the lease or paperwork attached to the complaint in the Collection Suit.

34.     The name "Acentis Real Estate Partners, LLC" is handwritten on the district court complaint, while the remainder of the form is typed. The address for Acentis is listed as the same P.O. Box as Defendant Guilarte.

35.     Upon information and belief, the name of the plaintiff on the district court complaint had been altered and amended to match the plaintiff's name on the Affidavit, "Acentis Real Estate Partners LLC."

36.     Ms. Burwell was served with the lawsuit on or about September 7, 2019.

37.    Once Ms. Burwell was served, the district court set the case for the affidavit judgment docket.

38.    Ms. Burwell appeared at the affidavit judgment hearing and filed a notice of intention to defend.

39.    The case was set for trial for December 17, 2019.

40.    On the date of trial, Defendant Guilarte requested a postponement and asked for the court to strike her appearance. The court denied the request on the grounds that Acentis had not retained new counsel at the time.

41.    The trial was then re-set for February 10, 2020.

42.    On January 7, 2020, Defendant Guilarte filed a motion to strike her appearance. The court granted the motion.

43.    On February 10, 2020, Ms. Burwell appeared at trial as did a representative from Acentis. No attorney appeared at the trial on behalf of Acentis. Acentis' representative requested a postponement, but the court denied the request.

44.    The district court dismissed the case as Acentis was required to be represented by counsel.  *See* Md. Code Ann., Bus. Occup. & Prof. § 10-206.

45.    Also attached to the district court complaint was a letter to Mr. Williams that stated that he had renewed the lease. Ms. Burwell is not listed on the letter renewing the lease. All of the amounts claimed in the Collection Suit were incurred after the date of the renewal letter.

46.    Ms. Burwell missed time from work for two court appearances and incurred transportation costs to and from court.

47.     FMS is continuing to report the alleged debt to tenant screening companies and credit bureaus, which has damaged her credit and resulted in the denial of her rental application at several different apartment complexes. She incurred damages in application fees.

## Class Allegations

48.     This action is also properly brought as a Class under Fed. R. Civ. P. 23(b)(3). Named Plaintiff proposes that the Class be defined as follows:

> Those persons in the State of Maryland who were sued in a lawsuit one year prior to the filing of this case where FMS supplied an affidavit that was purportedly signed by Russell Thomas, stating that he was competent to testify that the defendants in those lawsuits owed the amounts set forth in the lawsuit, or had personal knowledge or a belief that the amounts were owed.

49.     Subclass A consists of: All members of the Class where the attorneys who filed the lawsuit were The Law Office of Monica Guilarte, LLC and Monica Guilarte.

50.     Excluded from the Class and Subclass A are:

   a.  those individuals who now are or ever have been employees of FMS and the spouses, parents, siblings, and children of all such individuals; and

   b.  any individual who was granted a discharge pursuant to the United States Bankruptcy Code or state receivership laws after the filing of the suit.

51.     The particular members of the Class and Subclass A are capable of being described without difficult managerial or administrative problems.  The members of the

Class and Subclass A are also readily identifiable from public records and FMS' business records.   Upon information and belief, the size of the Class and Subclass A exceeds thirty persons.

52.     The Class and Subclass A members are sufficiently numerous that individual joinder of all members is impractical.   The Class and Subclass A members' individual claims are relatively small and, being the target of debt collection activity, are likely to have limited financial means. It would likely be difficult to locate attorneys to bring individual cases on their behalf.

53.     Joinder is also impractical because a search of public records indicates that Class and Subclass A members reside in different geographic locations in Maryland.

54.     There are questions of law and fact common to the Class and Subclass A which predominate over any questions affecting only individual members of the Class and, in fact, the wrongs alleged against Defendants by the Class and Subclass A members and the remedies sought by Named Plaintiff and the Class and Subclass A against Defendants are identical, the only difference being the exact sum which each Class Member is entitled to receive.   The common issues include, but are certainly not limited to:

    a.   Whether Defendants followed Maryland Rules in filing the affidavits in support of affidavit judgment;

    b.   Whether Defendants used false affidavits; and

    c.   Whether Defendants' statements were misleading to the least sophisticated consumer.

55.     Named Plaintiff's legal and equitable claims are typical of and identical to

each member of the Class and Subclass A and will be based on the same legal and factual theories.

56.     Defendants' defenses (which defenses are denied) would be typical of and identical for each member of the Class and Subclass A and will be based on the same legal and factual theories.

57.     Named Plaintiff will also fairly and adequately represent and protect the interests of the Class and Subclass A.  Named Plaintiff has retained counsel experienced in consumer class actions, including actions involving unlawful debt collection practices. Named Plaintiff does not have any interests which might cause her not to vigorously prosecute this action or that are otherwise adverse to the interests of the members of the Class and Subclass A.

58.     Certification of a Class under Fed. R. Civ. P. 23(b)(3) is appropriate as to the Class Members in that common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy.  A class action will cause an orderly and expeditious administration of Class Members' claims, and economies of time, effort and expenses will be fostered and uniformity of decisions will be ensured.

59.     Named Plaintiff's claims are typical of the claims of the Class and Subclass A.

60.     Named Plaintiff will fairly and adequately protect the interests of all class members in the prosecution of this action. She is similarly situated with, and has suffered injuries similar to the members of the class she seeks to represent. Named Plaintiff has been

wronged, wishes to obtain redress of the wrong, and wants Defendants stopped from enriching themselves and others via illegal activities or otherwise perpetrating similar wrongs on others based upon false and misleading affidavits.

61.     Named Plaintiff and members of the Class were not required to assume that Defendants were engaging in illegal activities with the aid and assistance of the courts.

62.     Class and Subclass A members have suffered damages, losses, and harm similar those sustained by the Named Plaintiff as described *supra*.

**COUNT I**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT,**
**15 U.S.C. § 1692, *ET SEQ.***
**AGAINST ALL DEFENDANTS**

63.     Named Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

64.     Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) as they regularly collect or attempt to collect debts owed to another and their principal purpose is the collection of debts.

65.     The alleged debt Defendants sought to collect was a debt within the meaning of 15 U.S.C. § 1692a(5) because it arose from a residential lease.

66.     By supplying Russell Thomas' false and defective affidavit in support of lawsuits against Named Plaintiff and Class Members, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), and 1692f.

67.     By mispresenting the actual name of the alleged creditor in its collection lawsuits, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692e(14), and

14

1692f.

68.     Named Plaintiff and the Class Members have suffered actual economic and non-economic damages, as more fully described *supra* and have incurred attorney's fees and court costs as a result of Defendants' illegal debt collection practices and direct and indirect actions described herein.

69.     The FDCPA provides for statutory damages in addition to actual damages.

WHEREFORE, Named Plaintiff prays that this Court enter judgment in her favor and the Class' favor against Defendants, jointly and severally, on their FDCPA claims and:

A.     Certify this case as a class action with the Named Plaintiff as class representative and their attorneys as counsel on behalf of the Class and described herein;

B.     Award statutory damages in the amount allowed by the FDCPA equal to $500,000.00 to the Class members;

C.     Award reasonable attorney's fees, litigation expenses and costs; and

D.     Provide such other or further relief as the Court deems appropriate.

**COUNT II**
**VIOLATION OF MARYLAND CONSUMER DEBT**
**COLLECTION ACT, MD. CODE ANN., COM. LAW §14-201, *ET SEQ.***
**AGAINST ALL DEFENDANTS**

70.     Named Plaintifff incorporates all preceding paragraphs as if set forth fully herein.

71.     Defendants are "collectors" and attempting to collect a "consumer debt" in accordance with the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code

15

Ann., Com. Law § 14-201(b), namely a residential lease.

72.     This act prohibits a debt collector from "[c]laim[ing], attempt[ing] or threaten[ing] to enforce a right with knowledge that the right does not exist." *See* Md. Code Ann., Com. Law § 14-202(8).

73.     The MCDCA also provides that a collector may not engage in any conduct that violates §§ 804 through 812 of the federal Fair Debt Collection Practices Act ("FDCPA").  Md. Code Ann., Com. Law § 14-202(11).

74.     The FDCPA prohibits false representations of the character, amount, or legal status of any debt (15 U.S.C § 1692e(2)(A)) [FDCPA § 807]; false representations or deceptive means to collect any debt (15 U.S.C § 1692e(10)) [FDCPA § 807]; and unfair or unconscionable means to collect or attempt to collect any debt unless such amount is permitted by law (15 U.S.C § 1692f(1)) [FDCPA § 808].

75.     Defendants violated Md. Code Ann., Com. Law § 14-202(8) by seeking affidavit judgment without complying with the Maryland Rules.

76.     Defendants knew or should have known that they were required to provide an affidavit that complied with Maryland Rules and that it had no right to obtain affidavit judgment without providing the correct affidavit.

77.     Defendants also violated Md. Code Ann., Com. Law § 14-202(11) by making false representations in violation of the FDCPA § 807 by stating the affidavit was signed by Russell Thomas and that he was competent to testify that Named Plaintiff and Class Members owed the amounts set forth in the lawsuit when, upon information and belief, he did not actually sign the affidavit, and he had no personal knowledge about the alleged

amounts owed by Named Plaintiff and Class Members given that he is a President of a collection agency, and not an employee of the landlords or property management companies actually owed any money.

78.     Defendants violated Md. Code Ann., Com. Law § 14-202(11) by using unfair and unconscionable means in violation of the FDCPA § 808 by supplying false affidavits in an attempt to obtain affidavit judgments against Named Plaintiff and Class Members.

WHEREFORE, Named Plaintiff prays that this Court enter judgment in her and the Class's favor against Defendants, jointly and severally, on their MCDCA claims and:

A.     Certify this claim as a class action with the Named Plaintiff as the Class Representative and her attorneys as counsel on behalf of the Class;

B.     Award actual damages to Named Plaintiff for her individual damages under the MCDCA in a sum in excess of $75,000 or such amount determined by the jury;

C.     Award reasonable attorneys's fees, litigation expenses and costs; and

D.     Provide such other or further relief as the Court deems appropriate.

### COUNT III
### VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT, MD. CODE ANN., COM. LAW 13-301, *ET SEQ.* AGAINST ALL DEFENDANTS

79.     Named Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

80.     The Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law § 13-101, *et seq.* applies to Defendants, as Named Plaintiff and Class Members are

consumers, the subject alleged debts were residential leases and Defendants are "persons" as defined in the MCPA.

81.     The MCPA deems the following to be an unfair and deceptive trade practice in violation of the law:

> a.  "False, falsely, disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers."  Md. Code Ann., Com. Law § 13-301(1); and
>
> b.   "Failure to state a material fact if the failure deceives or tends to deceive."  Md. Code Ann., Com. Law § 13-301(3);

82.     FMS made misrepresentations in the affidavits it supplied in lawsuits against Named Plaintiff and Class Members, including that Russell Thomas was a "Legal Coordinator," that he was competent to testify on matters in the complaint, and that he had personal knowledge of facts contained within the complaint.

83.     FMS also misrepresented the proper name of the plaintiff in its affidavits attached to collection lawsuits it directed its attorneys to file.

84.     Defendants engaged in unfair and deceptive practices by supplying affidavits in collection lawsuits that failed to comply with Maryland Rules and this conduct constitutes unfair and deceptive trade practices in violation of the MCPA.

85.     Named Plaintiff and Class Members reasonably relied on Defendants' misrepresentations to their detriment, including incurring damages in defending collection lawsuits filed against them.

86.     A violation of the MCDCA is a *per se* violation of the MCPA. Md. Code Ann., Com. Law § 13-301(14)(iii).

87.     As set forth above, Defendants violated the MCDCA, and thus violated the MCPA as well.

WHEREFORE, Named Plaintiff prays that this Court enter judgment in her and the Class's favor against Defendants, jointly and severally, on their MCPA claims and:

A.     Certify this claim as a class action with the Named Plaintiff as the Class Representative and her attorneys as counsel on behalf of the Class;

B.     Award actual damages to Named Plaintiff for her individual damages under the MCPA in a sum in excess of $75,000 or such amount determined by the jury;

C.     Award reasonable attorneys's fees, litigation expenses and costs; and

D.     Provide such other or further relief as the Court deems appropriate.

Respectfully submitted,


//s// *Chelsea Ortega*
Chelsea Ortega, Fed. Bar Number 19327
Jane Santoni, Fed. Bar Number 05303
Matthew Thomas Vocci
Fed. Bar Number 28235
(signed by Chelsea Ortega with permission of Jane Santoni and Matthew Thomas Vocci)
Santoni, Vocci & Ortega, LLC
409 Washington Avenue, Suite 1000
Towson, Maryland 21204
Phone: 443-921-8161
Fax:  410-525-5704

cortega@svolaw.com
*Counsel for Named Plaintiff and Putative Class*

## NOTICE OF CLAIM FOR ATTORNEY'S FEES

Named Plaintiff hereby gives notice, pursuant to the Maryland Rules that she

seeks attorneys' fees in this case, and that these fees could be substantial as the

case progresses.

*//s// Chelsea Ortega*
Chelsea Ortega, Fed. Bar Number 19327

## DEMAND FOR JURY TRIAL

Named Plaintiff, individually and on behalf of all Maryland residents similarly

situated, demands a jury trial on all claims so triable.

*//s// Chelsea Ortega*
Chelsea Ortega, Fed. Bar Number 19327
Jane Santoni, Fed. Bar Number 05303
Matthew Thomas Vocci
Fed. Bar Number 28235
(signed by Chelsea Ortega with permission of
Jane Santoni and Matthew Thomas Vocci)
Santoni, Vocci & Ortega, LLC
409 Washington Avenue, Suite 1000
Towson, Maryland 21204
Phone: 443-921-8161
Fax:  410-525-5704
cortega@svolaw.com
*Counsel for Named Plaintiff and Putative Class*