# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MARYLAND

Shannell Burwell                          *

    Plaintiff                              *

v.                                        *     Case No.: 1:20-cv-01859- ADC

Financial Management Solutions, LLC       *
t/a FMS Financial Solutions, et al.
                                                    *

    Defendants
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **AMENDED** FINAL ORDER AND JUDGMENT

On 3/16/21, after notice to the class members of this matter, a hearing was held to determine:

1. Whether for purposes of Class Action Settlement this action should be finally certified as a class action pursuant to Rule 23(a) and (b)(3) on behalf of the Settlement Class, which consists of a Class, as defined in this Court's Order Granting Preliminary Approval of a Settlement Class ("Preliminary Approval Order") dated 11/24/20 (ECF 21);

2. Whether the terms and conditions of the Settlement Agreement (ECF 23) ("the Settlement") are fair, reasonable, and adequate for the settlement of the Released Claims (as defined in the Settlement) asserted by the Settlement Class against the Defendants in this action and the release of the Released Parties (as defined in the Settlement) should be approved;

3. Whether judgment should be entered dismissing this action with prejudice in favor of the Defendants (as defined in the Settlement) and against all persons who are members of the Class certified in the Preliminary Approval Order; and

4. The amount to be awarded to the Class Representative (as defined in the Settlement)

as an incentive payment and the amount of attorneys' fees and costs to be awarded to Class Counsel.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the Settlement, relevant deadlines and final fairness hearing substantially in the form approved by the Court was timely mailed to all persons reasonably identifiable who met the definition of the Class, at the respective addresses set forth in Defendants' records; and the Court having considered and determined the fairness, adequacy and reasonableness of the relief provided to the Settlement Class under the Settlement and of the requested award for Class Counsel's legal fees and expenses:

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court finds that the Settlement Class, as defined below, is so numerous that joinder of all members is impracticable; that questions of law or fact common to the Class predominate over any questions affecting only individual members of the Class; that the claims of the Class Representative are typical of the claims of the Class; that the Class Representative and Class Counsel fairly and adequately protect the interests of the Class. In appointing Class Counsel, the Court has considered the work counsel has done in identifying or investigating potential claims in the action, counsels' experience in handling class actions, other complex litigation, and claims of the type asserted in the action, counsels' knowledge of the applicable law, and the resources counsel committed to representing the class, all of which favor appointment of Jane Santoni, Matthew Thomas Vocci and Chelsea Ortega as Class Counsel.

2. That the settlement of this action on a class wide basis is an appropriate and superior method for the fair and efficient adjudication of the claims against the Defendants.

3. This action may be maintained as a class action pursuant to Rule 23(a) and (b)(3)

for the purpose of this Settlement.

4. The Settlement Class is defined as:

Those persons in the State of Maryland who (i) from June 18, 2019 to the present were (ii) sued in a lawsuit where the attorneys who filed the lawsuit were The Law Office of Monica Guilarte, LLC and Monica Guilarte, (iii) where Financial Management Solutions, LLC t/a FMS Financial Solutions supplied an affidavit that was purportedly signed by Russell Thomas, stating that he was competent to testify that the defendants in those lawsuits owed the amounts set forth in the lawsuit, or had personal knowledge or a reasonable belief that the amounts were owed.

5. The terms and conditions of the Settlement constitute a good faith compromise of disputed claims and defenses and are the product of arm's-length bargaining among the Parties. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Settlement Class. The Settlement Class and the Parties are directed to consummate the Settlement in accordance with its terms and provisions.

6. The Notice which has been given is the best notice practicable under the circumstances, consisting of individual mailed notices to all members of the Class who could be identified by Defendants based on their reasonably available records and sources. The Court finds that the Notices fully and accurately informed the Settlement Class of all relevant and material elements of the Settlement and afforded members of the Settlement Class adequate time to decide whether to participate or opt out of the proposed Settlement. The notice given satisfies the requirements of due process and Rule 23.

7. All claims in this action are hereby dismissed in their entirety on the merits and with prejudice and without costs, except as provided herein, and against the Defendants. Members of the Settlement Class and their heirs, executors, administrators, representatives, agents, successors, predecessors-in-interest, and assigns are hereby bound by this judgment and are permanently and conclusively barred and enjoined from instituting, commencing or prosecuting, either directly, indirectly, representatively, or in any other capacity, any Claims as defined in the

3

Settlement against any Released Party. All of the Released Claims as defined in the Settlement are hereby compromised, settled, released, discharged and dismissed with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

8. The Court finds that the sum of $2,500.00 to be paid to the Class Representative as an incentive payment (as that term is utilized in the Settlement Agreement at ¶ 3.11 is a fair and reasonable amount to be paid to her and hereby approves and directs that payment to be made in accordance with the terms of the Settlement Agreement.

9. The Court finds that Class Counsel are entitled to an award of fees and costs in the amount of  10,999.50 be a fair and reasonable sum and orders that that sum shall be awarded to Class Counsel. Further, the Court is satisfied that the sum of $ 4,000.50 for costs is a fair and reasonable amount and hereby approves and directs these payment of costs to be made in accordance with the terms of the Settlement Agreement.

10. The Court further approves the appointment of the Pro Bono Resource Center of Maryland as the *cy pres* recipient for any residual sum in accordance with the Settlement Agreement.

11. There were  1  opt-outs and  0  objections to the Settlement Agreement.

12. If the Settlement does not become effective or is terminated, then this Final Order and Judgment shall be rendered null and void.

13. Without affecting the finality of this judgment, this Court retains exclusive jurisdiction over the Parties and the members of the Class for all matters relating to this action, including the administration, interpretation, effectuation or enforcement of the Settlement and this Order and Final Judgment.

14. Pursuant to 28 U.S.C. § 1715(d), the Effective date of this Order shall be  3/16/21  .

4

**IT IS SO ORDERED.**

*A. David Copperthite*
The Honorable A. David Copperthite
Magistrate Judge
United States District Court for the District of Maryland

cc: All Counsel of Record

5